Allen Harris Law

**PENNSYLVANIA OFFICE**
**Samantha K. Harris, Esq.**
**Allen Harris PLLC**

PO Box 673
Narberth, PA 19072
(610) 634-8258
sharris@allenharrislaw.com

**CONNECTICUT OFFICE**
**Michael Thad Allen, JD, PhD**
**Allen Harris PLLC**

PO Box 404
Quaker Hill, CT 06375
(610) 634-8258
mallen@allenharrislaw.com

**June 23, 2023**

Hon. Alvin K. Hellerstein
U.S. District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

**RE: Letter Motion (with Defendant's Consent) to Seal ECF No. 22, Records Obtained from Non-Party National Review under the Parties' Stipulation of "Attorneys Eyes Only" Designation in *Ray v. New 42*, No. 1:22-cv-04811-AKH (S.D.N.Y.)**

Your Honor,

I represent the Plaintiff, Kevin Ray, in the above-captioned case. I am writing to request leave to seal ECF No. 22, filed yesterday in your Court pursuant to your chamber's rules, Individual Rules of the Honorable Alvin K. Hellerstein, No. 4(B)(ii). This letter motion is submitted with consent of opposing counsel.

The document in question is an Affidavit of Kevin Ray. The Affidavit is attached to this letter for reference and is, in itself, not confidential. Exhibit E. However, Plaintiff seeks, with the consent of Defendant, to seal two exhibits which Kevin Ray authenticates in his Affidavit. These exhibits are 1) a confidential recording of a telephone interview between Kevin Ray and a journalist of the National Review and 2) a transcript of this recording created and authenticated by Kevin Ray. ECF No. 22, Ex. A and Ex. B.

Because the recording, Exhibit A, is an MP4 audio file, Plaintiff was unable to file it under seal through the ECF system. A flash drive is being sent to your chambers today along with courtesy copies of the motion papers (according to your instructions under Individual Rules of the Honorable Alvin K. Hellerstein, No. 2(F)).

As good grounds for sealing these records, Plaintiff states as follows:

The record in question was obtained from non-party National Review, which set the precondition to providing the record that it must be restricted to "attorneys eyes only." Counsel to Kevin Ray, the undersigned attorney, and counsel to Defendant, David Lichtenberg, met and conferred concerning handling this record, and the parties entered into the attached stipulation and confidentiality agreement permitting the designation of Exhibit A and Exhibit B "attorneys' eyes only."

I attached a copy of the parties' stipulation and confidentiality agreement to this letter. Exhibit F.

Plaintiff therefore requests leave to seal Exhibit A and Exhibit B to the affidavit of Kevin Ray (ECF No. 22) under the parties' stipulation confidentiality agreement (Exhibit F), which Plaintiff requests the Court to enter as an Order in this case.

Sincerely,

Michael Thad Allen

# Exhibit E

U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEVIN RAY, PLAINTIFF vs. THE NEW 42ND STREET, INC., DEFENDANT. | Civil Case No. 1:22-cv-04811-AKH |

**AFFIDAVIT OF KEVIN RAY**

I, Kevin Ray, make the following statements under oath based on my direct knowledge and experience:

1) On May 4, 2023, I received a call from Caroline Downey, a reporter for the publication the National Review. I was interviewed by her over the phone.

2) Caroline Downey requested the interview. I did not request or solicit an interview with Caroline Downey.

3) My understanding was that Caroline Downey was interested in writing about my experience of racist idealology that had been imposed upon me and many other workers in the theater industry under the euphemism of "social justice."

4) On June 8, 2023, through my attorney in this case Michael Thad Allen, I obtained a recording of my interview with Caroline Downey from Philip Klein of the National Review. This recording has been filed with the United States District Court for the Southern District of New York under seal, as requested by the National Review as a condition for receiving the file. It has been filed as **Exhibit A** to this Affidavit, and **Exhibit A** is a true and accurate copy of the recording I received from the National Review.

5) I have listened to the recording submitted to the Court as **Exhibit A**, and it is a true and accurate recording of my interview with Caroline Downey. There are two voices that

can be heard on the recording, and I verify that the voices on the recording are my voice and that of Caroline Downey.

6) I caused a transcript to be made of the recording submitted to the Court as **Exhibit A**. This transcript was made by my attorney's law firm using the transcription software Otter AI.

7) I then listen to **Exhibit A** again in order to correct the transcript for errors against the original recording. A true and accurate copy of the transcript of the recording that I created is submitted for the Court's convenience as **Exhibit B**, likewise submitted under seal.

8) I have not exchanged any communications with Caroline Downey about New 42, its employees, or Board members, or any other affiliates of New 42. I only discussed my experience in the theater industry.

9) At no point in talking to Caroline Downey did I identify any personnel who worked for New 42, whether employees, board members, or anyone else. When asked by Caroline Downey about my experiences with New 42, as **Exhibit A** and **Exhibit B** show, I did not talk about New 42, but referred her to the Complaint in the above-captioned case and to a video made by the Foundation against Intolerance and Racism, both of which were created and made before any settlement was entered into in this case.

10) I did not disclose the Complaint or the FAIR video to Downey. These were and are publicly available documents which Caroline Downey already knew about, so I could not disclose to her what she already knew about.

11)

SIGNED UNDER THE PENALTIES OF PERJURY THIS 14TH DAY OF JUNE 2023,

Kevin Ray

Before me appeared the above witness and signed this statement under oath, so witnessed:

Notary Public

My commission expires: July 1, 2023

MONIKA DEDZA
Notary Public, State of New York
Reg. No. 01DE6394335
Qualified in Kings County
Commission Expires July 01, 2023

# Exhibit A

AUDIO FILE RECORDING OF INTERVIEW OF KEVIN RAY BY CAROLINE DOWNEY
Filed under Seal

CONFIDENTIAL MATERIAL - SUBJECT TO STIPULATION AND AGREEMENT FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION

# Exhibit B

**TRANSCRIPT OF EXHIBIT A**
**Filed under Seal**

**CONFIDENTIAL MATERIAL - SUBJECT TO STIPULATION AND AGREEMENT FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION**

# Exhibit F

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEVIN RAY,<br><br>Plaintiff,<br><br>v.<br><br>THE NEW 42nd STREET, INC.,<br><br>Defendant. | Civil Case No.: 1:22-cv-04811<br><br>**STIPULATION AND AGREEMENT FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION** |

1. This Stipulation is being entered into to facilitate the production, exchange and discovery of documents and information that the parties agree merit confidential treatment (hereinafter the "Documents" or "Testimony"), and to provide for the return of any material that is produced in discovery inadvertently.

2. Either party may designate Documents produced, or Testimony given, in connection with this action as "confidential," either by notation on the document, statement on the record of the deposition, written advice to the respective undersigned counsel for the parties hereto, or by other appropriate means.

3. As used herein:

(a) "Confidential Information" shall mean all Documents and Testimony, and all information contained therein, and other information designated as confidential, if such Documents or Testimony contain trade secrets, proprietary business information, competitively sensitive information, personal information about either party including but not limited to the current or former employees or officers, directors, executives, members, or other information the disclosure of which would, in the good faith judgment of the party designating the material as

confidential, be detrimental to the person disclosing it or the conduct of that party's business or the business of any of that party's customers or clients.

(b) "Producing Party" shall mean the parties to this action and any third-parties producing "Confidential Information" in connection with depositions, document production or otherwise, or the party asserting the confidentiality privilege, as the case may be.

(c) "Receiving Party" shall mean the party to this action and/or any non-party receiving "Confidential Information" in connection with depositions, document production or otherwise.

4. Any party to this litigation and any third-party shall have the right to additionally designate Confidential material as "Attorneys' Eyes Only" and subject to this Agreement any information, document, or thing, or portion of any document or thing that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party. Any party to this litigation or any third party who is covered by this Agreement, who produces or discloses any Attorneys' Eyes Only material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SUBJECT TO DISCOVERY CONFIDENTIALITY AGREEMENT" (hereinafter "Attorneys' Eyes Only"), with the understanding that this material is considered Confidential and subject to the same conditions as material marked "Confidential," with the additional restrictions outlined below in Paragraph 5. "Confidential Material" shall refer to any material marked either as "Confidential" or "Attorneys' Eyes Only."

5. Material produced and marked as "Attorneys' Eyes Only" may be disclosed only to outside and inside counsel for the parties and to such other persons as counsel for the party seeking to protect the information agrees in advance or as ordered by the Court. Materials so produced and marked may not be provided to or disclosed to any party at any time during or after the conclusion of this litigation without the express written consent of the party seeking to protect the information or unless ordered by the Court. It is, however, understood that counsel for a party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of Attorneys' Eyes Only materials.

6. The Receiving Party may, at any time, notify the Producing Party that the Receiving Party does not concur in the designation of a document or other material as Confidential Information. If the Producing Party does not agree to declassify such document or material, the Receiving Party may move before the Court for an order declassifying those documents or materials. If no such motion is filed, such documents or materials shall continue to be treated as Confidential Information. If such motion is filed, the documents or other materials shall be deemed Confidential Information unless and until the Court rules otherwise.

7. Except with the prior written consent of the Producing Party or by order of the Court, Confidential Information shall not be furnished, shown or disclosed to any person or entity except to:

(a) personnel or representatives of Plaintiff or Defendant actually engaged in assisting in the preparation of this action for trial or other proceeding herein and who have been advised of their obligations hereunder;

(b) counsel for the parties to this action and their associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting

such counsel in the preparation of this action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

(c) the Court and court personnel, if filed in accordance with paragraph 11 hereof;

8. Confidential Information shall be utilized by the Receiving Party and its counsel only for purposes of this litigation and for no other purposes.

9. Should the need arise for any of the parties to disclose Confidential Information during any hearing or trial before the Court, including through argument or the presentation of evidence, such party may do so only after taking such steps as the Court, upon motion of the disclosing party, shall deem necessary to preserve the confidentiality of such Confidential Information.

10. A party may designate as Confidential Information subject to this Stipulation any document, information, or deposition testimony produced or given by any non-party to this case, or any portion thereof. In the case of Documents, designation shall be made by notifying all counsel in writing of those documents which are to be stamped and treated as such at any time up to fifteen (15) days after actual receipt of copies of those documents by counsel for the party asserting the confidentiality privilege. In the case of deposition testimony, designation shall be made by notifying all counsel in writing of those portions which are to be stamped or otherwise treated as such at any time up to fifteen (15) days after the transcript is received by counsel for the party asserting the confidentiality privilege. Prior to the expiration of such fifteen (15) day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such documents shall be treated as Confidential Information. After the expiration of the

fifteen-day period, the document, information, or deposition testimony produced or given by any non-party to this case will no longer be treated as Confidential Information, except for any portion so designated.

11. (a) A Receiving Party who seeks to file with the Court any deposition transcripts, exhibits, answers to interrogatories or requests for admission, and other documents which have previously been designated as comprising or containing Confidential Information, and any pleading, brief or memorandum which reproduces, paraphrases or discloses Confidential Information, shall provide all other parties with seven (7) days' written notice of its intent to file such material with the Court, so that the Producing Party may file a motion or an appropriate application to seal such Confidential Information asserting good cause for such sealing. The Confidential Information shall not be filed until the Court renders a decision on the motion to seal. In the event the motion to seal is granted, all documents which are the subject of the order to seal, shall be filed in sealed envelopes or other appropriate sealed container on which shall be endorsed the caption of this litigation, the words "CONFIDENTIAL MATERIAL - SUBJECT TO STIPULATION AND AGREEMENT FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION" as an indication of the nature of the contents, and a statement in substantially the following form: "This envelope, containing documents which are filed in this case by (name of party), is not to be opened nor are the contents thereof to be displayed or revealed other than to the Court, the parties and their counsel of record, except by order of the Court or consent of all the parties. Violation hereof may be regarded as contempt of the Court."

(b) As an alternative to the procedure set forth in paragraph 11(a), any party may submit to the Court on oral argument any documents previously designated as comprising or containing Confidential Information by submitting such documents to the clerk in sealed envelopes

or other appropriate sealed container on which shall be endorsed the caption of this litigation, the words "CONFIDENTIAL MATERIAL SUBJECT TO STIPULATION AND AGREEMENT FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION" as an indication of the nature of the contents, and a statement in substantially the following form: "This envelope, contains documents which are submitted but not to be filed." Such documents shall be returned by the Clerk upon disposition of the motion or other proceeding for which they were submitted.

12. Any person receiving Confidential Information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof.

13. Any document or information that may contain Confidential Information that has been inadvertently produced without identification as to its "confidential" nature as provided in paragraphs 2 and/or 10, may be so designated by the party asserting the confidentiality privilege by written notice to the undersigned counsel for the Receiving Party identifying the document or information as "confidential" within a reasonable time following the discovery that the document or information has been produced without such designation.

14. Any document or information that may contain Confidential Information of the Receiving Party that has been produced by a Producing Party without identification as to its "confidential" nature as provided in paragraphs 2 and/or 10, may be so designated by the party asserting the confidentiality privilege by written notice to the undersigned counsel for the Producing Party identifying the document or information as "confidential" within a reasonable time following the discovery that the document or information has been produced without such designation.

15. Extracts and summaries of Confidential Information shall also be treated as confidential in accordance with the provisions of this Stipulation.

16. The production or disclosure of Confidential Information shall in no way constitute a waiver of each party's right to object to the production or disclosure of other information in this action or in any other action.

17. This Stipulation is entered into without prejudice to the right of either party to seek relief from, or modification of, this Stipulation or any provisions thereof by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate under the Civil Practice Law and Rules or other applicable law.

18. This Stipulation shall continue to be binding after the conclusion of this litigation except (a) that there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal); and (b) that a party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of the Stipulation. The provisions of this Stipulation shall, absent prior written consent of the parties, continue to be binding after the conclusion of this action.

19. Nothing herein shall be deemed to waive any privilege recognized by law or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

20. Within sixty (60) days after the final termination of this litigation by settlement or exhaustion of all appeals, all Confidential Information produced or designated and all reproductions thereof, shall be returned to the Producing Party or shall be destroyed. Notwithstanding anything to the contrary, counsel of record for the parties may retain one copy of documents constituting work product, a copy of pleadings, motion papers, discovery responses,

deposition transcripts and deposition and trial exhibits. This Stipulation shall not be interpreted in a manner that would violate any applicable cannons of ethics or codes of professional responsibility. Nothing in this Stipulation shall prohibit or interfere with the ability of counsel for any party, or of experts specially retained for this case, to represent any individual, corporation, or other entity adverse to any party or its affiliate(s) in connection with any other matters.

21. Any inadvertent disclosure of documents shall not be deemed a waiver of, nor prejudice to, any privilege or immunity with respect to such information or documents or of any work product doctrine or other immunity that may attach thereto, including, without limitation, the attorney-client privilege, the joint defense privilege, and the work product doctrine, provided that the Producing Party notifies the Receiving Party in writing promptly after discovery of such inadvertent production. All copies of such document(s) shall be returned to the Producing Party or destroyed within five (5) days of such notice, regardless of whether the Receiving Party agrees with the claim of privilege and/or work-product protection, and the Receiving Party shall confirm in writing that all copies were returned or destroyed. Also within five (5) days of such notice, the Producing Party shall serve a privilege log for the document(s). No party shall be required to make a showing of inadvertence to request the return of Confidential Material subject to the attorney-client privilege or attorney-work product protection; production of materials as to which a claim of privilege is later asserted pursuant to this provision shall be deemed inadvertent. The Producing Party shall maintain the referenced documents until the parties resolve any dispute concerning the privileged nature of the documents or the Court rules on any motion to compel the documents. No party shall use or refer to any information contained within the documents at issue unless and until the Producing Party agrees or a motion to compel is granted by the Court.

22. This Stipulation may be changed by agreement of the parties and is without prejudice to the rights of a party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

ALLEN HARRIS, PLLC

By ______________________
Michael Thad Allen, J.D., Ph.D.
P.O. Box 404
Quaker Hill, Connecticut 06375
(610) 634-8258

Attorneys for Plaintiff

FISHER & PHILLIPS LLP

By ______________________
David B. Lichtenberg
7 Times Square
Suite 4300
New York, New York 10036

430 Mountain Avenue, Suite 303
Murray Hill, New Jersey 07974
(908) 516-1050

Attorneys for Defendant