fisherphillips.com

**New Jersey**
430 Mountain Avenue
Suite 303
Murray Hill, NJ 07974

(908) 516-1050 Tel
(908) 516-1051 Fax

**Writer's Direct Dial:**
(908) 516-1056

**Writer's E-mail:**
dlichtenberg@fisherphillips.com

July 18, 2023

***VIA ECF AND FEDERAL EXPRESS***

Honorable Alvin K. Hellerstein, U.S.D.J.
United States District Court
Southern District of New York
United States Courthouse, Room 1050
500 Pearl Street
New York, NY 10007

Re: *Kevin Ray v. The New 42nd Street, Inc.*
*Case No. 1:22-cv-04811-AKH*

*Letter Motion to Seal Settlement Agreement or, in the alternative, to Redact Settlement Amounts*

Dear Judge Hellerstein:

This firm represents Defendant, The New 42nd Street, Inc. ("Defendant") with respect to the above matter. We are in receipt of the Court's July 12, 2023 order ("July 12 Order"), stating that its prior order regarding sealing (ECF Docket Document No. 31) "so extends." (See ECF Docket Document No. 35).

In light of the Court's July 12 Order, Defendant respectfully requests leave to file the parties' Confidential Settlement Agreement and General Release ("Settlement Agreement"), which incorporated a separate Nondisclosure Agreement Pursuant to General Obligations Law § 5-336 ("Nondisclosure Agreement") (collectively, "Agreements"), under seal. These documents were previously forwarded directly to Your Honor's chambers in connection with Defendant's Motion to Enforce Settlement and Nondisclosure Agreements ("Motion to Enforce"), which included a request for the Court's *in camera* review of these sensitive, confidential Agreements.

While Defendant respectfully submits that good cause is set forth below to seal the Agreements, if the Court is not inclined to grant Defendant's request to seal, in the alternative, Defendant respectfully requests it be permitted to file a redacted version of the parties' Settlement

Agreement so the confidential settlement figures and related payment provisions are not publicly disclosed.[1]

As demonstrated in the parties' papers in support of and in opposition to Defendant's Motion to Enforce, this matter currently involves and previously involved significant concerns relating to the media. In this light, confidentiality of the Agreements was paramount to resolution of this matter and, as such, the Agreements included substantial and carefully negotiated confidentiality provisions. See Exhibit A, Settlement Agreement, at ¶ 3. In fact, in addition to entering into the Settlement Agreement, the Parties also entered into a separate Nondisclosure Agreement. See Exhibit C, Nondisclosure Agreement. Courts consider the terms of the parties' settlement agreements in acknowledging that sealing is appropriate. See, e.g., Playboy Enterprises International, Inc. v. On Line Entertainment Inc., 2004 WL 626807, at *11 (E.D.N.Y. March 29, 2004) ("As per the terms of the April 9 Settlement Agreement, any copies of the April 9 Settlement Agreement itself, including those contained as attachments to papers filed in this motion, shall be filed under seal.").

Importantly, this Court has also held there is a reduced presumption of public access that applies to settlement agreements. See, e.g., Red Rock Sourcing LLC v. JGX, LLC, 2023 WL 3736442, at *6 n.6 (S.D.N.Y. May 31, 2023) (acknowledging the confidential nature of the settlement agreement and related communications, and granting motion to seal exhibits related to the settlement agreement) (citing Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006)). Conversely, if the Agreements at issue here are filed publicly, it is highly likely that certain media publications will *again* direct their attention to this matter, including the Agreements in particular. Any such further public exposure will undoubtedly result in significant and unnecessary harm to Defendant, and Defendant will have lost the benefit of the robust confidentiality terms under which it agreed to resolve this matter. See Blake v. Deutsche Bank AG, 2011 WL 2946374, at *2 (S.D.N.Y. July 18, 2011) (noting "confidentiality encourages parties to settle.").

Accordingly, Defendant respectfully submits that good cause exists to seal the parties' Agreements.

If the Court is not inclined to seal the Agreements, Defendant respectfully requests that it may file a redacted copy of the Settlement Agreement so the settlement figures and related payment provisions are not disclosed. The Second Circuit has recognized that redaction of a settlement amount may be appropriate because "the presumption [of access], such as it [is], [is] a weak one under these circumstances: The amount of the settlement was confidential [and] the parties articulated the reasons for such confidentiality . . . ." Gambale v. Deutsche Bank AG, 377

[1] In accordance with Your Honor's judicial preferences, Defendant's counsel contacted Plaintiff's counsel for consent to file the within letter motion, to which Plaintiff declined to provide consent. No reason or justification was provided. The lack of consent was surprising given that Defendant consented to Plaintiff's requests for extensions and letter motions on multiple occasions, including Plaintiff's own letter motion to seal materials.

F.3d 133, 143 (2d Cir. 2004). Indeed, Second Circuit courts routinely redact monetary terms. See, e.g., Herrick Co., Inc. v. SCS Comm'cs, Inc., 251 F.3d 315, 320 (2d Cir. 2001) (settlement amount was not disclosed to jury ruling on breach of settlement agreement); Pusey v. Delta Airlines, 2012 WL 893908, at *1 (E.D.N.Y. Feb. 7, 2012); Kelly v. Hunton & Williams, 1999 WL 759972, at *1 (E.D.N.Y. Sept. 21, 1999).

Moreover, "litigation of the present action does not . . . require disclosing the amount involved in the Agreement." Blake, 2011 WL 2946374, at *2. The parties' settlement amount is not at issue in Defendant's Motion to Enforce, and is of no benefit to the public. In fact, both parties were careful not to disclose the settlement amount in their motion papers. As set forth above, publicly disclosing the settlement amounts would create significant harm to Defendant, and the parties premised their settlement upon comprehensive confidentiality terms.

Accordingly, Defendant maintains that good cause exists for sealing the parties' settlement agreements; however, if the Court does not agree, Defendant respectfully requests that it be permitted to redact the settlement amounts and related payment provisions. In these respects, we have herein filed (a) an unredacted copy of the Settlement Agreement, under seal, as Exhibit A; (b) a redacted copy of the Settlement Agreement, under seal, as Exhibit B,[2] and (c) the parties' Nondisclosure Agreement, under seal, as Exhibit C.[3]

Thank you for Your Honor's courtesies and attention to this matter.

Respectfully submitted,

David B. Lichtenberg
Partner
For FISHER & PHILLIPS LLP

DBL/jm
Attachments

cc: Michael Thad Allen, J.D., Ph.D. (via ECF and e-mail)

[2] Per Your Honor's judicial preferences, the Exhibit A unredacted Settlement Agreement is highlighted where Defendant made redactions in Exhibit B.

[3] There are no settlement amounts in the parties' Nondisclosure Agreement, and thus, no redactions were made to the Nondisclosure Agreement.

# EXHIBIT A
**(Subject to a Letter Motion to Seal)**

# EXHIBIT B

**(Subject to a Letter Motion to Seal)**

# EXHIBIT C
**(Subject to a Letter Motion to Seal)**